**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIN RUI GROUP, INC., a California corporation, | No. 13-56311 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-06959-RGK-JEM |
| v. | |
| SOCIETE KAMEL BEKDACHE & FILS S.A.L., a Lebanese joint stock corporation, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 22, 2015
Pasadena, California

Before: KOZINSKI, IKUTA, and OWENS, Circuit Judges.

Defendant-Appellant Societe Kamel Bekdache & Fils S.A.L. (SKB) appeals

from the district court's judgment in favor of Plaintiff-Appellee Jin Rui Group, Inc.

(Jin Rui), following a bench trial. We vacate and remand.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The district court erred in holding that the contractual force majeure clause excused Jin Rui from performing its contractual obligations to SKB. Although the contract excused Jin Rui from "non-delivery . . . arising from any event beyond its reasonable control," California law requires a promisor invoking a force majeure clause to show "that, in spite of skill, diligence and good faith on his part, performance became impossible or unreasonably expensive." *Oosten v. Hay Haulers Dairy Emps. & Helpers Union*, 291 P.2d 17, 21 (Cal. 1955) (quoting Corbin on Contracts § 1342).

Jin Rui failed to take reasonable steps to ensure that it could meet its contractual obligations to SKB. Jin Rui promised to deliver paper to SKB even though its supplier was under no contractual obligation to provide the paper to Jin Rui. Although Jin Rui did not want to seek a binding promise from its supplier because of a familial relationship, it was within Jin Rui's control to account for this fact in its own business commitments. Jin Rui's failure to do so does not excuse its performance. *See Pac. Vegetable Oil Corp. v. C.S.T., Ltd.*, 174 P.2d 441, 447 (Cal. 1946) (explaining that the test for force majeure is whether the excusing event "could not have been prevented by the exercise of prudence, diligence and care").

**2.** In its answering brief, Jin Rui expressly waived reliance on the district court's alternative holding that SKB's claims are barred by the contractual

limitations clause. Meanwhile, in its opening brief, SKB expressly waived any challenge to the district court's decision that it was not entitled to a setoff for damages related to Purchase Order 136.

The judgment is **VACATED** and the matter is **REMANDED** for further proceedings. Costs are awarded to SKB.